# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| REGINALD T. KELLY, SR., | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| LAYLA ZON, Newton County | : | CIVIL ACTION NO. |
| District Attorney, | : | 1:11-CV-3195-WSD-JFK |
| et al., | : | |
|     Defendants. | : | |

## MAGISTRATE JUDGE'S ORDER AND
## FINAL REPORT AND RECOMMENDATION

Plaintiff, Reginald T. Kelly, Sr., confined in the Newton County Jail in Covington, Georgia, has submitted a *pro se* civil rights complaint and previously was granted *in forma pauperis* status. The matter is before the Court on the complaint, as amended,[1] (Doc. No. 4), for screening under 28 U.S.C. § 1915A, and on Plaintiff's motion to appoint counsel, (Doc. No. 5).

---

[1] Plaintiff's amended complaint replaces and supersedes his original complaint. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("Under . . . federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case.").

**I.     28 U.S.C. § 1915A Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks omitted) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555.

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard

frivolous factual allegations). Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. . . . Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]" GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). A plaintiff must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or federal law. Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs'

3

factual allegations were insufficient to support the alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. Discussion

Plaintiff brings this action against the Georgia Department of Corrections, Tony Hailes, the Supervisor of the Covington Probation Office, and Layla Zon, Newton County District Attorney. (Doc. No. 4 at 1 and ¶¶ 4-6). Plaintiff asserts the following facts. On September 10, 1991, Plaintiff received a twenty-year sentence on a Newton County conviction. On January 13, 2009, the Newton County Superior Court revoked Plaintiff's probation and apparently sentenced him to serve the last two years, seven months, and twenty-seven days of his twenty-year sentence, and thus, his sentence ended on September 9, 2011. On September 6, 2011, Zon illegally extended Plaintiff's sentence from twenty years to twenty years and six months.[2] Also, on September 6, 2011, an illegal and unconstitutional detainer was filed against Plaintiff. (Id. ¶ 8).

Plaintiff contends that he cannot demand his constitutional rights in regard to the detainer "due to Layla Zon's lack of jurisdiction" and that "all the above-named defendants robs me of all my rights . . . and forces me to serve a sentence that I have

---

[2]Plaintiff states that he attached an Exhibit B, a sentencing computation form, that shows the sentence increase. Exhibit B, however, is not in Plaintiff's filings.

4

already completed." (Id.). Plaintiff seeks equitable relief in the form of "lift[ing]" all unlawful claims against him and releasing him from jail, and he seeks damages. (Id. ¶¶ 11-14).

The Georgia Department of Corrections must be dismissed because the Eleventh Amendment bars any action, regardless of the relief sought, against the Department, a state entity. See Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989). District Attorney Zon must be dismissed because a prosecutor is protected by absolute immunity from damage claims when performing as an advocate for the government and because Plaintiff alleges no action by Zon taken outside her role as a governmental advocate. See Rowe v. City of Ft. Lauderdale, 279 F.3d 1271, 1279-80 (11th Cir. 2002) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."). Further, when there are adequate remedies at law (such as the ability to appeal and/or seek mandamus relief), a § 1983 plaintiff is not entitled to equitable relief against prosecutorial officials. Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000). As to Hailes and the Supervisor of the Covington Probation Office, they must be dismissed because Plaintiff does not allege facts that connect those Defendants to the alleged violations. See Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) ("[A] complaint will be held defective . . . if [it] fails to connect the defendant with the alleged wrong." (quoting 5 Charles Alan Wright

5

& Arthur R. Miller, Federal Practice and Procedure § 1234, at 381-85 (3d ed. 2004))). Accordingly, this action must be dismissed because Plaintiff does not state a claim against any named Defendant.

It is also noted that § 1983 damage claims for allegedly invalid custody are barred unless the plaintiff first shows that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). A claim for damages based on a challenge to sentence calculation is barred unless that sentence calculation has been invalidated. See Ellis v. Bureau of Prisons, 239 F. App'x 466, 469 (11th Cir. 2007) (relying on Heck and affirming dismissal of damage claim for allegedly illegal confinement beyond release date); see also Torrence v. Thompson, 435 F. App'x 56, 59 (3rd Cir.) (applying Heck bar to civil damages claim based on alleged miscalculation of sentence), cert. denied, _ U.S. _, 132 S. Ct. 415

(2011); Anderson v. Bruce, 28 F. App'x 786, 788 (10th Cir. 2001) (relying on Heck and holding that damage claims for alleged miscalculation of prison term were not cognizable until the prisoner had obtained a state or federal habeas corpus decision in his favor on the incarceration issue).

## III. Motion to Appoint Counsel

Plaintiff asks that counsel be appointed because he does not have access to an adequate law library, the issues are complicated and will involve research and filing documents that Plaintiff does not understand, and Plaintiff cannot afford to hire counsel. (Doc. No. 5). The Court appoints counsel "only in exceptional circumstances[.]" Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999) (citing Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir.1992)). The Court does not find any exceptional circumstances, and Plaintiff's motion shall be denied.

## IV. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's motion to appoint counsel, (Doc. No. 5), is **DENIED**.

**IT IS RECOMMENDED** that all Defendants and this action be **DISMISSED** under 28 U.S.C. § 1915A.

The Clerk of Court is **DIRECTED** to withdraw the referral to the undersigned Magistrate Judge.

**IT IS SO ORDERED and RECOMMENDED**, this 31st day of January, 2012.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)