IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

REGINALD T. KELLY, SR.,

                Plaintiff,

v.                                                                          1:11-cv-3195-WSD

LAYLA ZON, Newton County
District Attorney, et al.,

                Defendants.

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation ("R&R") [6] regarding Reginald T. Kelly's ("Plaintiff") *pro se* Amended Complaint [4] and Motion for Leave to File an Amended Complaint [7].

**I.     BACKGROUND[1]**

On September 14, 2011, Plaintiff filed his request to proceed *in forma pauperis* ("IFP") and original Complaint [1] challenging the validity and duration of his confinement in the Newton County Jail in Covington, Georgia.[2]

---

[1] Plaintiff has not objected to the facts set out in the R&R, and finding no plain error, the Court adopts them.

[2] The Court notes that the original Complaint is dated September 14, 2011, and was filed with the Clerk of Court's office on September 20, 2011. "Under the mailbox rule for prisoners, a prisoner's motion is deemed filed on the date it is delivered to

On October 13, 2011, Plaintiff was granted leave to proceed IFP by the Magistrate Judge [3].

On October 21, 2011, Plaintiff filed his *pro se* Amended Complaint[3] against the Georgia Department of Corrections; Tony Hailes, the Supervisor of the Covington Probation Office, Georgia Department of Corrections; and, Layla Zon, the Newton County District Attorney. (Am. Compl. [4] at 2).

On October 26, 2011, Plaintiff filed his Motion for Appointment of Counsel [5].

In his Amended Complaint, Plaintiff asserts claims under 42 U.S.C. § 1983 for violations of his Fifth, Sixth, and Fourteenth Amendment rights based on: (1) an unconstitutional extension of his sentence; and (2) an unconstitutional filing of an illegal detainer against him that has resulted in his being unlawfully imprisoned. (Id. at 2-5).

Plaintiff claims that his "petition is not based on the denial of an appeal from a conviction, rather this petition is based on the denial of a speedy trial claim in

---

prison officials for mailing. Absent contrary evidence, we will assume that a prisoner's filing was 'delivered to prison authorities the day he signed it.'" Fuller v. Terry, 381 F. App'x 907, 908 (11th Cir. 2010) (quoting Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), and citing Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999)).

[3] Although the Court construes *pro se* pleadings liberally, they must also comply with the procedural rules that govern pleadings. See McNeil v. United States, 508 U.S. 106, 113 (1993).

Georgia." (Id. at 3).[4] Plaintiff claims his constitutional rights were violated by Defendants and the actions that led to his imprisonment because the "illegal detainer denied me the right to contest the legality of the detainer, denied me the 14th Amendment right to due process of law under the United States and Georgia Constitution. And creates a double jeopardy violation under the 5th Amendment to the Constitution of the United States." (Id. at 4).

Based on his asserted constitutional violations, Plaintiff seeks declaratory relief in the form of an order holding that the duration of his confinement has been illegally and incorrectly calculated. (Id. at 5). Plaintiff also seeks injunctive relief in the form of an order directing that Plaintiff be released from confinement in the Newton County Jail in Covington, Georgia. (Id. at 6). Plaintiff also seeks compensatory and punitive damages for his claimed constitutional violations. (Id.).

On January 31, 2012, the Magistrate Judge issued her Final R&R, denied Plaintiff's Motion for Appointment of Counsel, and recommended that this action

---

[4] The Court has reviewed the case cited by Plaintiff as standing for the proposition that he may file a federal Section 1983 action based on a denial of a speedy trial claim in a Georgia state court. Smith v. State, 312 S.E.2d 375 (Ga. Ct. App. 1983), overruled by, State v. Collins, 411 S.E.2d 546 (Ga. Ct. App. 1991). The Court finds this case to be inapplicable to this action or any of his claims.

be dismissed pursuant to 28 U.S.C. § 1915A because Plaintiff fails to state a claim upon which relief can be granted. (R&R at 4-7).

On February 10, 2012, Plaintiff filed a Motion for Leave to File an Amended Complaint and requested that his motion also be considered his response to the Final R&R of the Magistrate Judge [7].

## II. DISCUSSION

### A. Standard of Review on Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "'give fresh consideration to those issues to which specific objection has been made by a party.'" Jeffrey S. by Ernest S. v. State Board of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2d Sess. (1976)). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record.

United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

B. Plaintiff's Objection

Plaintiff's Motion for Leave to File an Amended Complaint is not a valid objection and will not be considered by the Court in reviewing the Final R&R of the Magistrate Judge. Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court.").

The Court has reviewed the findings and recommendations in the R&R and concluded plain error was not committed in reaching them. The Court addresses below why Plaintiff's Section 1983 claims are barred and his Motion for Leave to File an Amended Complaint is denied.

C. Plaintiff's claims under Section 1983

Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for

redress." 42 U.S.C. § 1983.  While not a source of substantive rights, Section 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes.  Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979).

To prevail in an action under Section 1983, a plaintiff must make a *prima facie* showing of two elements: (1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law.  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) ("A successful [S]ection 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States.").

To challenge a criminal conviction or sentence under Section 1983, a plaintiff must first show that his conviction or sentence has been reversed on direct appeal, expunged, or otherwise declared invalid.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Absent a showing of prior invalidation, a claim under Section 1983 regarding a conviction or sentence is barred if success on that claim would demonstrate the invalidity of that conviction or the duration of the sentence.  See

Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (Section 1983 "action is barred (absent prior invalidation) – no matter the relief sought . . . no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration").

Plaintiff has not shown and has not alleged that his conviction or sentence has been reversed on direct appeal, expunged, or otherwise declared invalid. Thus, Plaintiff seeks relief under Section 1983 that is prohibited, specifically a declaration that his duration of confinement is illegal and his confinement is invalid, and his claims are barred. See Wilkinson, 544 U.S. at 81-82; Heck, 512 U.S. at 486-87; see also Ellis v. Bureau of Prisons, 239 F. App'x 466, 468-69 (11th Cir. 2007). Because his claims are barred under Section 1983, Plaintiff cannot state a claim upon which relief may be granted because and dismissal of his claims is appropriate pursuant to 28 U.S.C. § 1915A.[5]

### D. Plaintiff's Motion for Leave to File an Amended Complaint

Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service

---

[5] In addition, Plaintiff cannot obtain the declaratory and injunctive relief he seeks because he has an adequate remedy at law in state or federal courts through a habeas petition or by seeking mandamus relief. See Bolin v. Story, 225 F.3d 1234, 1242-43 (11th Cir. 2000).

of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Where a party fails to amend his pleading as a matter of course, that party must seek leave to amend and Federal Rule of Civil Procedure 15(a)(2) provides that a "court should freely give leave [to amend pleadings] when justice so requires." "District Courts have broad discretion to grant or deny the leave to amend. In the absence of undue delay, bad faith, dilatory motive or undue prejudice, leave to amend is routinely granted." Forbus v. Sears Roebuck & Co., 30 F.3d 1402, 1405 (11th Cir. 1994) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Prior to *sua sponte* dismissal with prejudice pursuant to 28 U.S.C. § 1915A, a *pro se* prisoner should be afforded an opportunity to amend where a more carefully drafted complaint might state a claim upon which relief could be granted. See Jemison v. Wise, 386 F. App'x 961, 964-65 (11th Cir. 2010) (error to dismiss a *pro se* prisoner's claim with prejudice without providing an opportunity to amend where a more carefully drafted complaint might state a claim); Spear v. Nix, 215 F. App'x 896, 901-02 (11th Cir. 2007) (same).

"[H]owever, a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." Hall v.

United Ins. Co. of America, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (citing Foman, 371 U.S. at 182). "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." Id. at 1263.

Plaintiff previously amended his Complaint once as a matter of course and seeks leave to amend it again. Having found that Plaintiff's claims must be dismissed as legally barred pursuant to Heck and Wilkinson, the Court finds that any amendment would be futile and the deficiencies in Plaintiff's Section 1983 claims cannot be overcome. Plaintiff's request for leave to amend his Amended Complaint is required to be denied.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Magistrate Judge's Final R&R [6].

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint [4] is **DISMISSED**.

**SO ORDERED** this 27th day of March, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE